NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**KEVIN M. BOWERS,**
*Claimant-Appellant*

v.

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee*

---

2014-7132

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-2745, Judge Mary J. Schoelen.

---

Decided: February 10, 2015

---

KEVIN M. BOWERS, Fort Dodge, IA, pro se.

CAMERON COHICK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., KIRK MANHARDT; Y. KEN LEE, CHRISTINA LYNN GREGG, Office of General Counsel, United States Department of Veterans Affairs, Washington DC.

---

Before REYNA, MAYER, and CHEN, *Circuit Judges.*

PER CURIAM.

Mr. Kevin M. Bowers appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") granting the Secretary of Veterans Affairs' motion to dismiss Mr. Bowers' appeal for lack of jurisdiction. Mr. Bowers asks this court to reassess the facts of this case in light of the relevant law. Because this court is without jurisdiction to do so, we dismiss.

## BACKGROUND

On August 18, 1995, the Board of Veterans' Appeals ("Board") denied Mr. Bowers' request for an earlier effective date for several disabilities. It appears from the record and documents attached to Mr. Bowers' petition that on September 1, 1995, Mr. Bowers submitted correspondence to the Board regarding the Board's August 1995 decision. Mr. Bowers entitled this filing "Reconsideration of Every Past R/O & BVA Decision." The Department of Veterans Affairs responded to Mr. Bowers on April 26, 1996, directing him to submit a motion for reconsideration of the August 1995 decision and giving him a period of 30 days to do so. On May 10, 1996, Mr. Bowers submitted further informal correspondence seeking reconsideration of the Board's August 1995 decision. Treating the correspondence as a motion for reconsideration, the Board denied the motion on July 16, 1996. Mr. Bowers filed another informal motion for reconsideration on July 26, 1996. Mr. Bowers entitled this filing his "Fourth Reconsideration Appeal." The Board denied this motion for reconsideration on September 4, 1998.

On the same day, Mr. Bowers appealed the Board's August 1995 decision, but failed to pay a filing fee. The Veterans Court dismissed Mr. Bowers' appeal for lack of jurisdiction and for failure to comply with court rules

requiring payment of a filing fee. *Bowers v. West*, No. 98-1646, 1998 WL 846689, at \*2 (Vet. App. Nov. 30, 1998). The Veterans Court found that Mr. Bowers failed to file either a timely notice of appeal with the Veterans Court or a timely motion for reconsideration at the Board. Mr. Bowers then filed a motion for reconsideration of this decision with the Veterans Court. The Veterans Court denied Mr. Bowers' motion on December 21, 1998. Mr. Bowers did not appeal either of the Veterans Court's decisions.

More than 14 years later, Mr. Bowers filed with the Board another motion for reconsideration of the August 1995 decision. The Board denied the motion. On September 17, 2013, Mr. Bowers filed a second notice of appeal of the August 1995 Board decision with the Veterans Court. The government filed a motion to dismiss the appeal as untimely because the appeal was filed more than 120 days after the Board decision issued. The Veterans Court granted the motion. *Bowers v. Shinseki*, No. 13-2745, 2014 WL 1316934, at \*2 (Vet. App. April 3, 2014). Mr. Bowers filed another motion for reconsideration with the Veterans Court. The Veterans Court withdrew its initial opinion and issued a new opinion, again, granting the government's motion to dismiss. *Bowers v. Shinseki*, No. 13-2745, at \*2 (Vet. App. May 20, 2014). Mr. Bowers appeals.

We have jurisdiction pursuant to 38 U.S.C. § 7292(c).

## DISCUSSION

This court's jurisdiction to review decisions of the Veterans Court is limited by statute. Pursuant to 38 U.S.C. § 7292(a), this court has jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except to the extent that an appeal

presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). To the extent we have jurisdiction, we set aside Veterans Court interpretations only when they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or without observance of procedure required by law. *Id.* § 7292(d)(1).

This court lacks jurisdiction to consider Mr. Bowers' appeal. To the extent Mr. Bowers asks this court to review the facts of his case, this court cannot do so. Such a review is outside of the jurisdiction of this court. *Id.* § 7292(d)(2). To the extent Mr. Bowers asks this court to determine whether the Veterans Court correctly applied the law to the facts of his case, this court similarly cannot review this issue. To do so requires this court to reapply the law to the facts of this case, and, as we have noted above, this court lacks jurisdiction to review such a challenge. *Id.* Thus, we must dismiss Mr. Bowers' appeal.

## CONCLUSION

This court lacks jurisdiction to review Mr. Bowers' appeal, and the appeal is therefore dismissed.

## **DISMISSED**

### COSTS

No costs.